Query    Reports    Utilities    Help    What's New    Log Out

# U.S. District Court
## Northern District of West Virginia (Wheeling)
## CRIMINAL DOCKET FOR CASE #: 5:21-cr-00031-JPB-JPM-1

Case title: USA v. Mcarn

Date Filed: 08/03/2021

Date Terminated: 04/28/2022

---

Assigned to: District Judge John Preston Bailey
Referred to: Magistrate Judge James P. Mazzone

**Defendant (1)**

**Jalin T. Mcarn**
*TERMINATED: 04/28/2022*

represented by **Jalin T. Mcarn**
#11394-088
GILMER
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6000
GLENVILLE, WV 26351
PRO SE

**Brendan S. Leary**
Federal Public Defender Office - Whg.
U.S. Courthouse
1125 Chapline St., Rm. 208
Wheeling, WV 26003
(304) 233-1217
Fax: (304) 233-1242
Email: brendan_leary@fd.org
*LEAD ATTORNEY*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

UNLAWFUL TRANSPORT OF FIREARMS, ETC.
(1)

**Disposition**

Defendant to be incarcerated for a term of 30 months; Supervised Release 3 years; Special Assessment $100.00; Fine N/A; Restitution N/A; Forfeiture: Firearms and Ammunition

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                           **Disposition**

None

---

**Plaintiff**

USA                          represented by   **Clayton John Reid**
                                             U.S. Attorney's Office - Whg
                                             PO Box 591
                                             Wheeling, WV 26003
                                             (304) 234-0100
                                             Fax: (304) 234-0111
                                             Email: clayton.reid@usdoj.gov
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*
                                             *Designation: United States Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/03/2021 | 1 | INDICTMENT WITH FORFEITURE ALLEGATION as to Jalin T. Mcarn (1) count(s) 1. (ag) (Entered: 08/04/2021) |
| 08/03/2021 | 2 | *SEALED* Indictment - Unredacted, re 1 Indictment With Forfeiture Allegation as to Jalin T. Mcarn. (Attachments: # 1 Grand Jury Docket Sheet) (ag) (Attachment 1 replaced on 8/5/2021 to correct DEF DOB) (ag) (Entered: 08/04/2021) |
| 08/06/2021 | | Arrest of Jalin T. Mcarn (nmm) Modified on 8/30/2021 to correct date of arrest to 8/6/2021 (ag). (Entered: 08/11/2021) |
| 08/11/2021 | 4 | **PAPERLESS ORDER as to Jalin T. Mcarn. An Initial Appearance is set for 8/13/2021 at 10:30 AM in the Wheeling Magistrate Judge Courtroom, 4th Floor before Magistrate Judge James P. Mazzone. Signed by Magistrate Judge James P. Mazzone on 8/11/21. (jc)** (Entered: 08/11/2021) |
| 08/12/2021 | 5 | MOTION for Detention by USA as to Jalin T. Mcarn. (Reid, Clayton) (Entered: 08/12/2021) |
| 08/13/2021 | 6 | MINUTE ENTRY:<br><br>***NOTICE*** *THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY.*<br><br>Proceedings held before Magistrate Judge James P. Mazzone: Initial Appearance as to Jalin T. Mcarn held on 8/13/2021. (Tape #WHG Mazzone 5 21 cr 31 USA v Mcarn 8 13 21.) (lmm) (Entered: 08/13/2021) |

| 08/13/2021 | 7 | ** SEALED ** CJA 23 Financial Affidavit by Jalin T. Mcarn. (L. Coleman via email) (lmm) (Entered: 08/13/2021) |
|---|---|---|
| 08/13/2021 | 8 | **ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT as to Jalin T. Mcarn. Signed by Magistrate Judge James P. Mazzone on 8/13/21. (lmm)** (Entered: 08/13/2021) |
| 08/13/2021 | 9 | **PAPERLESS ORDER as to Jalin T. Mcarn. An Initial Appearance was held on this date. The Government requested detention. Accordingly, Defendant was remanded to the custody of the United States Marshals Service pending further proceedings. An Arraignment is set for 8/17/2021 at 11:00 AM in the Wheeling Magistrate Judge Courtroom, 4th Floor before Magistrate Judge James P. Mazzone. Signed by Magistrate Judge James P. Mazzone on 8/13/21. (jc)** Modified on 8/13/2021 to REGEN NEF to Attorney Leary. (lmm). (Entered: 08/13/2021) |
| 08/13/2021 | 10 | **ORDER. Brendan S. Leary appointed for Jalin T. Mcarn. Signed by Magistrate Judge James P. Mazzone on 8/13/21. (Defendant via US Mail; L. Coleman, USPO and USM via email) (lmm)** (Entered: 08/13/2021) |
| 08/17/2021 | 11 | MINUTE ENTRY:<br><br>***NOTICE*** _THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY._<br><br>Proceedings held before Magistrate Judge James P. Mazzone: Arraignment as to Jalin T. Mcarn (1) Count 1 held on 8/17/2021; Detention Hearing as to Jalin T. Mcarn held/continued on 8/17/2021. Defendant entered plea of NOT GUILTY. (Tape #WHG Mazzone 5 21 cr 31 USA v Mcarn 8 17 2021) (ag) (Entered: 08/17/2021) |
| 08/17/2021 | 12 | **DUE PROCESS PROTECTIONS ACT ORDER TO ALL COUNSEL REGARDING BRADY OBLIGATIONS: as to Jalin T. Mcarn. Signed by Magistrate Judge James P. Mazzone on 8/17/2021. (ag)** (Entered: 08/17/2021) |
| 08/17/2021 | 13 | **ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT: as to Jalin T. Mcarn. Signed by Magistrate Judge James P. Mazzone on 8/17/2021. (ag)(USMS email)** (Entered: 08/17/2021) |
| 08/17/2021 | 14 | **INITIAL SCHEDULING ORDER: as to Jalin T. Mcarn:**<br><br>***NOTICE TO ATTORNEYS*** : _Pursuant to Rule 12.4(a)(1) of the Federal Rules of Criminal Procedure, ALL Non-governmental CORPORATE PARTIES must file a DISCLOSURE STATEMENT with the Court. Additionally, per Rule 12.4(a)(2) of the Federal Rules of Criminal Procedure, the GOVERNMENT must file a statement identifying all organizational victims. Forms are available on the Court's Web Site at http://www.wvnd.uscourts.gov/forms.htm_<br><br>**Discovery due by 8/24/2021; Motions due by 9/7/2021; Responses due by 9/14/2021; Motion Hearing set for 9/15/2021 10:00 AM in Wheeling Magistrate Judge Courtroom, 4th Floor before Magistrate Judge James P. Mazzone; Plea Agreement due by 9/28/2021; Pretrial Conference set for 9/27/2021 3:30 PM in Wheeling, WV; Jury Selection/Jury Trial set for 10/5/2021 9:00 AM in Wheeling, WV. Signed by Magistrate Judge James P. Mazzone on 8/17/2021. (ag)(USPO, USMS email)** (Entered: 08/17/2021) |
| 08/17/2021 | 15 | **ORDER: as to Jalin T. Mcarn the Court GRANTED Defendant's request to continue the Detention Hearing. Accordingly, the Detention Hearing is RESET for 8/24/2021 at 1:30pm in the Wheeling Magistrate Judge Courtroom, 4th Floor before Magistrate** |

| | | |
|---|---|---|
| | | Judge James P. Mazzone. Defendant is REMANDED to the custody of the United States Marshals Service pending the rescheduled hearing. Signed by Magistrate Judge James P. Mazzone on 8/17/2021. (ag)(USMS, USPO email) (Entered: 08/17/2021) |
| 08/24/2021 | 16 | MINUTE ENTRY: <br><br> ***NOTICE*** THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY. <br><br> Proceedings held before Magistrate Judge James P. Mazzone: Detention Hearing as to Jalin T. Mcarn held on 8/24/2021. (Tape #WHG Mazzone 5 21 cr 31 USA v Mcarn 8 24 21.) (lmm) (Entered: 08/24/2021) |
| 08/25/2021 | 17 | NOTICE Objection to Government's Request to Rely on Proffer at Detention Hearing by Jalin T. Mcarn (Leary, Brendan) (Entered: 08/25/2021) |
| 08/26/2021 | 18 | REPLY by USA to 17 Notice (Other) (Reid, Clayton) (Entered: 08/26/2021) |
| 09/02/2021 | 20 | DETENTION HEARING ORDER: granting 5 Motion for Detention as to Jalin T. Mcarn (1). Signed by Magistrate Judge James P. Mazzone on 9/2/2021. (ag)(USMS, USPO email) (Entered: 09/02/2021) |
| 09/08/2021 | 21 | PAPERLESS ORDER as to Jalin T. Mcarn. For reasons appearing to the Court, the Motion Hearing set for 9/15/21 has been CANCELLED, as no motions have been filed. Signed by Magistrate Judge James P. Mazzone on 9/8/21. (jc) (Entered: 09/08/2021) |
| 09/17/2021 | 22 | MOTION to Continue Trial Date by Jalin T. Mcarn. (Leary, Brendan) (Entered: 09/17/2021) |
| 09/20/2021 | 23 | ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE 22 as to Jalin T. Mcarn (1): The trial in this matter will now commence on 11/9/2021, at 9:00a.m. Additionally, the pretrial conference in this matter is hereby CONTINUED until 11/1/2021, at 3:15 p.m. Signed by District Judge John Preston Bailey on 9/20/2021. (ag)(USPO, USMS email) (Entered: 09/20/2021) |
| 10/29/2021 | 24 | MOTION to Continue Trial Date by Jalin T. Mcarn. (Leary, Brendan) (Entered: 10/29/2021) |
| 11/01/2021 | 25 | ORDER GRANTING UNOPPOSED MOTION TO CONTINUE TRIAL DATE: 24 as to Jalin T. Mcarn (1). The trial in this matter will now commence on 2/1/2022 9:00 AM; the pretrial conference in this matter is hereby CONTINUED until 1/24/2022 3:00 PM. Signed by District Judge John Preston Bailey on 11/1/2021. (ag)(USPO, USMS email) (Entered: 11/01/2021) |
| 01/19/2022 | 26 | NOTICE of Intent to Plead Guilty by Jalin T. Mcarn (Leary, Brendan) (Entered: 01/19/2022) |
| 01/20/2022 | 27 | PAPERLESS ORDER as to Jalin T. Mcarn. A Plea Hearing is set for 1/25/2022 at 10:00 AM in the Wheeling Magistrate Judge Courtroom, 4th Floor before Magistrate Judge James P. Mazzone. Signed by Magistrate Judge James P. Mazzone on 1/20/22. (jc) (Entered: 01/20/2022) |
| 01/25/2022 | 28 | WAIVER OF ARTICLE III JUDGE AND CONSENT TO ENTER GUILTY PLEA BEFORE THE US MAGISTRATE JUDGE by Jalin T. Mcarn. (lmm) (Entered: 01/25/2022) |
| 01/25/2022 | 29 | MINUTE ENTRY: |

| | | |
|---|---|---|
| | | ***NOTICE*** THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY.* <br><br> Proceedings held before Magistrate Judge James P. Mazzone: Plea Hearing held on 1/25/2022. Plea entered by Jalin T. Mcarn (1) Guilty Count 1. (Court Reporter Cindy Knecht.) (lmm) (Entered: 01/25/2022) |
| 01/25/2022 | 30 | PLEA AGREEMENT as to Jalin T. Mcarn. (lmm) (Entered: 01/25/2022) |
| 01/25/2022 | 31 | **CHANGE OF PLEA ORDER: as to Jalin T. Mcarn. Signed by Magistrate Judge James P. Mazzone on 1/25/2022. (ag)** (Entered: 01/25/2022) |
| 02/02/2022 | 32 | NOTICE *of Administrative Forfeiture* by USA as to Jalin T. Mcarn (Attachments: # 1 Attachment)(DeMasi-Lemon, L. Danae) (Entered: 02/02/2022) |
| 04/12/2022 | 33 | **PAPERLESS ORDER as to Jalin T. Mcarn. A Sentencing Hearing is now set for 4/27/2022 at 10:30 AM in Wheeling District Judge Courtroom, North, before District Judge John Preston Bailey. Signed by District Judge John Preston Bailey on 4/12/2022. Copies to USMS and USP. (bjt)** (Entered: 04/12/2022) |
| 04/22/2022 | 34 | SENTENCING MEMORANDUM (Leary, Brendan) (Entered: 04/22/2022) |
| 04/27/2022 | 35 | MINUTE ENTRY: <br><br> ***NOTICE*** THE ATTACHED DOCUMENT IS NOT ACCESSIBLE. IT IS FOR STATISTICAL PURPOSES ONLY.* <br><br> A Sentencing Hearing was held before District Judge John Preston Bailey as to Jalin T. Mcarn (1) on 4/27/2022. Count 1, Defendant to be incarcerated for a term of 30 months; Supervised Release 3 years; Special Assessment $100.00; Fine N/A; Restitution N/A; Forfeiture: Firearms and Ammunition. (Court Reporter Cindy Knecht.) (bjt) (Entered: 04/27/2022) |
| 04/27/2022 | 36 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Jalin T. Mcarn (bjt) (Entered: 04/27/2022) |
| 04/28/2022 | 37 | **JUDGMENT as to Jalin T. Mcarn (1), Count 1, Defendant to be incarcerated for a term of 30 months; Supervised Release 3 years; Special Assessment $100.00; Fine N/A; Restitution N/A; Forfeiture: Firearms and Ammunition. Signed by District Judge John Preston Bailey on 4/28/22. (lmm)** (Entered: 04/28/2022) |
| 04/28/2022 | 38 | ***SEALED* STATEMENT OF REASONS as to Jalin T. Mcarn. Signed by District Judge John Preston Bailey on 4/28/22. (counsel via email) (lmm)** (Entered: 04/28/2022) |
| 05/11/2022 | 39 | Judgment Returned Executed as to Jalin T. Mcarn on 5/10/22. (lmm) (Entered: 05/11/2022) |
| 06/06/2022 | 40 | PRO SE LETTER/MOTION REQUESTING JUDGMENT, DOCKET SHEET, STATEMENT OF REASONS AND TRANSCRIPTS by Jalin T. Mcarn. (Attachments: # 1 Envelope) (Judgment and public docket sheet sent via Warden) (lmm) (Entered: 06/06/2022) |
| 06/06/2022 | 41 | CLERK'S LETTER to Warden forwarding the documents requested in 40 PRO SE LETTER/MOTION filed by Jalin T. Mcarn. (Judgment and public docket sheet sent) (lmm) (Entered: 06/06/2022) |
| 06/07/2022 | 42 | **ORDER denying 40 PRO SE LETTER/MOTION as to Jalin T. Mcarn (1). Signed by District Judge John Preston Bailey on 6/7/22. (Pro Se Defendant via CM/rrr) (lmm)** (Additional attachment(s) added on 6/7/2022: # 1 Certified Mail Return Receipt) (lmm). (Entered: 06/07/2022) |

| 06/16/2022 | 43 | RETURN RECEIPT as to 42 Order. SERVICE ACCEPTED on 6/10/22. (lmm) (Entered: 06/16/2022) |
|---|---|---|
| 06/27/2022 | 44 | LETTER from Jalin Mcarn to Whom It May Concern requesting copy of 30 Plea Agreement. (Attachments: # 1 Envelope)(nmm) (Entered: 06/27/2022) |
| 06/27/2022 | 45 | LETTER from Deputy Clerk to Warden, FCI Hazelton responding to 44 Letter requesting copy of 30 Plea Agreement. (copy to defendant w/o enc. via us mail) (nmm) (Entered: 06/27/2022) |
| 09/06/2022 | 46 | LETTER/MOTION requesting copy of PSI and Sentencing Transcript re 36 Presentence Investigation Report, 1 Indictment, 37 Judgment, by Jalin T. Mcarn. (Attachments: # 1 Envelope)(ag) (Entered: 09/06/2022) |
| 09/06/2022 | 47 | LETTER from Deputy Clerk to Warden FCI Gilmer regarding 46 LETTER/MOTION requesting copy of PSI and Sentencing Transcript re 36 Presentence Investigation Report, 1 Indictment, 37 Judgment, filed by Jalin T. Mcarn. (ag)(Warden with copy of Indictment 1 , Judgment 37 and docket sheet; DEF letter only) (Entered: 09/06/2022) |
| 09/06/2022 | 48 | **ORDER: denying 46 Letter/Motion requesting copy of PSI and Sentencing Transcript as to Jalin T. Mcarn (1). Signed by District Judge John Preston Bailey on 9/6/2022. (ag)**(DEF cm rrr) (Additional attachment(s) added on 9/6/2022: # 1 Certified Mail Return Receipt) (ag). (Entered: 09/06/2022) |
| 09/13/2022 | 49 | RETURN RECEIPT as to 48 Order on Public Motion. SERVICE ACCEPTED on 9/8/2021. (ag) (Entered: 09/13/2022) |
| 12/09/2024 | 51 | **ORDER: re 50 NON-COMPLIANCE SUMMARY as to Jalin T. Mcarn (1). Concur with U.S. Probation Officer's Recommendation; no action at this time. Signed by District Judge John Preston Bailey on 12/09/2024. (ag)** (Entered: 12/09/2024) |
| 02/24/2025 | 53 | **ORDER: re 52 NON-COMPLIANCE SUMMARY as to Jalin T. Mcarn (1). Concur with U. S. Probation Officer's Recommendation; no action at this time. Signed by District Judge John Preston Bailey on 2/24/2025. (ag)** (Entered: 02/24/2025) |
| 02/24/2025 | 54 | Request to Discontinue E-mail Notification (Leary, Brendan) (Entered: 02/24/2025) |

FILED

AUG 3 2021

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Criminal No.** 5:21-cr-31 |
| **JALIN T. MCARN,** | **Violations:** 18 U.S.C. § 922(g)(1) |
| **Defendant.** | 18 U.S.C. § 924(a)(2) |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

(Unlawful Possession of a Firearm)

On or about June 6, 2021, in Tyler County, in the Northern District of West Virginia, the defendant, **JALIN T. MCARN**, knowing he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, that is, the offense of Distribution of a Quantity of Heroin in the United States District Court for the Southern District of West Virginia on October 28, 2013, Case Number 3:13-CR-00131; knowingly possessed a firearm in and affecting interstate commerce, that is, a HS PRODUKT (Springfield Armory) semi-automatic pistol, model XDM Compact, .40 Smith & Wesson caliber, serial number MG261583; in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

## FORFEITURE ALLEGATION

*Gun Control Act*

Pursuant to Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 924(d)(1), the government will seek the forfeiture of any firearm and any ammunition involved in or used in any knowing or willful violation of Title 18, United States Code, Section 922(g), including:

1. HS PRODUKT (Springfield Armory) semi-automatic pistol, model XDM Compact, .40 Smith & Wesson caliber, serial number MG261583; and

2. Fourteen (14) rounds of assorted .40 caliber ammunition.


A True Bill:


/s/_____
Grand Jury Foreperson


/s/_____
RANDOLPH J. BERNARD
Acting United States Attorney


Clayton J. Reid
Assistant United States Attorney

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF WEST VIRGINIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| JALIN T. MCARN | ) | Case Number:  5:21CR31 |
|  | ) | USM Number:  11394-088 |
|  | ) | Brendan S. Leary, Esq. |
|  | ) | Defendant's Attorney |

## THE DEFENDANT:

☑ pleaded guilty to count(s)    One _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Unlawful Possession of a Firearm | 06/06/2021 | 1 |

☐ See additional count(s) on page 2

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

April 27, 2022
_____
Date of Imposition of Judgment

_____
Signature of Judge

Honorable John Preston Bailey, United States District Judge
_____
Name and Title of Judge

4. 28. 2022
_____
Date

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 2 — Imprisonment

| | Judgment — Page | 2 | of | 7 |

DEFENDANT: JALIN T. MCARN
CASE NUMBER: 5:21CR31

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  30 months

☑ The court makes the following recommendations to the Bureau of Prisons:
  ☐ That the defendant be incarcerated at an FCI or a facility as close to _____ as possible;
    ☐ and at a facility where the defendant can participate in substance abuse treatment, as determined by the Bureau of Prisons;
      ☐ including the 500-Hour Residential Drug Abuse Treatment Program.

  ☑ That the defendant be incarcerated at _____FCI Milan_____ or a facility as close to his/her home in Detroit, Michigan _____ as possible;
    ☑ and at a facility where the defendant can participate in substance abuse treatment, as determined by the Bureau of Prisons;
      ☐ including the 500-Hour Residential Drug Abuse Treatment Program.
  ☑ Jail Credit: From June 6, 2021, to the present.

    ☑ That the defendant be allowed to participate in any mental health treatment while incarcerated, as determined by the Bureau of Prisons.
  ☑ That the defendant be allowed to participate in any educational or vocational opportunities while incarcerated, as determined by the Bureau of Prisons.
☑ Pursuant to 42 U.S.C. § 14135A, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the Probation Officer.
☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m.  on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before  12:00 pm (noon)  _on_____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.
  ☐ on _____ , as directed by the United States Marshals Service.

☐

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 7 |
|---|---|---|---|---|

DEFENDANT:    JALIN T. MCARN
CASE NUMBER:    5:21CR31

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :    3 years

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.    ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.    ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.    ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.    ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court in its November 29, 2016, Standing Order, as well as with any other conditions on the attached page (if applicable).

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT:     JALIN T. MCARN                                  Judgment—Page  4  of  7
CASE NUMBER:   5:21CR31

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You shall not commit another federal, state or local crime.
4. You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
5. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
6. You must answer truthfully the questions asked by your probation officer.
7. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
9. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
11. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
12. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
13. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
14. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
15. You shall not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants.
16. You shall not frequent places that sell or distribute synthetic cannabinoids or other designer stimulants.
17. Upon reasonable suspicion by the probation officer, you shall submit your person, property, house, residence, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
18. You are prohibited from possessing a potentially vicious or dangerous animal or residing with anyone who possesses a potentially vicious or dangerous animal. The probation officer has sole authority to determine what animals are considered to be potentially vicious or dangerous.
19. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____                Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

DEFENDANT:   JALIN T. MCARN
CASE NUMBER:  5:21CR31

Judgment—Page   5   of   7

## SPECIAL CONDITIONS OF SUPERVISION

1)  You must participate in substance abuse treatment. The probation officer will supervise your participation in the program.

2)  You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3)  You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

4)  You must take all mental health medications that are prescribed by your treating physician.

5)  You must comply with the Northern District of West Virginia Offender Employment Program which may include participation in training, counseling, and/or daily job search as directed by the probation officer. Unless excused for legitimate reasons, if not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, you may be required to perform up to 20 hours of community service per week until employed, as approved by the probation officer.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 5 — Criminal Monetary Penalties

| | Judgment — Page 6 of 7 |
|---|---|

DEFENDANT: JALIN T. MCARN
CASE NUMBER: 5:21CR31

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

  If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

  The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $ | $ | |

☐ See Statement of Reasons for Victim Information

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page __7__ of __7__

DEFENDANT: JALIN T. MCARN
CASE NUMBER: 5:21CR31

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C ☐ D, ☐ E, ☐ F, or ☐ G below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F, or ☐ G below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:
Financial obligations ordered are to be paid while the defendant is incarcerated, and if payment is not completed during incarceration, it is to be completed by the end of the term of supervised release; or

G ☐ Special instructions regarding the payment of criminal monetary penalties:
The defendant shall immediately begin making restitution and/or fine payments of $_____ per month, due on the first of each month. These payments shall be made during incarceration, and if necessary, during supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to Clerk, U. S. District Court, Northern District of West Virginia, P.O. Box 1518, Elkins, WV 26241.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names (including defendant number)      Total Amount      Joint and Several Amount      Corresponding Payee, if appropriate

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
The defendant agrees to the forfeiture of the following property: (1) HS PRODUKT (Springfield Armory) semi-automatic pistol, model XDM Compact, .40 Smith & Wesson caliber, serial number MG261583; and (2) any associated ammunition, including fourteen (14) rounds of assorted .40 caliber ammunition.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

PROB 12A
(Rev. 5/02 WVN)

# United States District Court
## for the
### Northern District of West Virginia

### Report on Offender Under Supervision

Name of Offender:  Jalin T. McArn                     Case Number:  5:21CR31

Name of Sentencing Judicial Officer:  Honorable John Preston Bailey, U.S. District Judge

Date of Original Sentence:      April 27, 2022

Original Offense:      Unlawful Possession of a Firearm; 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2), a Class C Felony

Original Sentence:      30 months imprisonment followed by 3 years of supervised release, $100 SAF

Type of Supervision:  Supervised Release          Date Supervision Commenced:  November 27, 2024

---

### NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Non-compliance |
| --- | --- |
| 1 | Violation of Mandatory Condition No. 1: You must not commit another federal, state, or local crime. |
| 2 | Violation of Mandatory Condition No. 2: You must not unlawfully possess a controlled substance. |
| 3 | Violation of Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court |

On February 14, 2025, the offender reported to the United States Probation Office in Charleston, West Virginia, and submitted a urine specimen that tested positive for Cannabinoids. The defendant completed a voluntary admission form acknowledging the use of illegal substances. (See attached Voluntary Admission Form)

U. S. Probation Officer Action/Recommendation: The defendant is currently being supervised by Jordan Clark, United States Probation Officer, in the Southern District of West Virginia. The defendant has been counseled on making better decisions and his supervision will be adjusted accordingly. The defendant understands the seriousness of this violation and accepts responsibility for his actions. This officer will continue to maintain contact with USPO Clark to determine the defendant's adherence to the conditions of supervised release. All further violations will be reported to the Court.

The Probation Officer recommends no action at this time. Any future violations will be reported to the Court.

       The term of supervision should be:

       [X] No action at this time.



                                        Respectfully submitted,

                                     *Kylee M. Boring*

               By:

                                     _____

                                      Kylee M. Boring
                                      U. S. Probation Officer
                                      Date:  February 21, 2025

---

*No response is necessary unless the Court directs that additional action be taken as follows:*

[ ] Submit a Request for Modifying the Condition or Term of Supervision

[ ] Submit a Request for Warrant or Summons

[ ] Other

[ ] No Response

[✓] Concur with U. S. Probation Officer's Recommendation

_____
Signature of Judicial Officer

_____
              2·24·2025
Date

# UNITED STATES PROBATION OFFICE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### VOLUNTARY ADMISSION FORM

I, _Jalin McArn_ , do voluntarily admit to using the substances checked below on the dates and/or by the frequencies and methods as indicated below:

| Substances | Dates of use | Frequency/dosage | Method of use |
|---|---|---|---|
| Cocaine | | | |
| Heroin | | | |
| X. Marijuana | 2/14/25 | 2 grams | Smoke |
| Alcohol | | | |
| Methamphetamine | | | |
| Amphetamine | | | |
| Type: | | | |
| Buprenorphine | | | |
| Benzodiazepines | | | |
| Type: | | | |
| Opiates | | | |
| Type: | | | |
| Phencyclidine | | | |
| Other: | | | |

I make this admission freely and voluntarily without any threats or promises being made to me.

X _____  X 2-20-25

Probationer/Supervised Releasee/Pretrial Releasee       Date

_____   2-20-25

Probation Officer      Date

PROB 12A
(Rev. 5/02 WVN)

# United States District Court
### for the
### Northern District of West Virginia

### Report on Offender Under Supervision

Name of Offender:  Jalin T. Mcarn                                    Case Number:  5:21CR31

Name of Sentencing Judicial Officer:  Honorable John Preston Bailey, U.S. District Judge

Date of Original Sentence:     April 27, 2022

Original Offense:     Unlawful Possession of a Firearm; 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2), a Class C Felony

Original Sentence:     30 months imprisonment followed by 3 years of supervised release, $100 SAF

Type of Supervision: Supervised Release          Date Supervision Commenced:  November 27, 2024

---

### NON-COMPLIANCE SUMMARY

The offender has not complied with the following condition(s) of supervision:

| Violation Number | Nature of Non-compliance |
| --- | --- |
| 1 | Violation of Mandatory Condition No. 1: You must not commit another federal, state, or local crime. |
| 2 | Violation of Mandatory Condition No. 2: You must not unlawfully possess a controlled substance. |
| 3 | Violation of Mandatory Condition No. 3: You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court |

On December 2, 2024, the offender reported to the United States Probation Office in Charleston, West Virginia, and submitted a urine specimen that tested positive for Cannabinoids. The defendant completed a voluntary admission form acknowledging the use of illegal substances.

U. S. Probation Officer Action/Recommendation: The defendant is currently being supervised by Jordan Clark, United States Probation Officer, in the Southern District of West Virginia. The defendant has been counseled on making better decisions and his supervision will be adjusted accordingly. The defendant understands the seriousness of this violation and accepts responsibility for his actions. This officer will continue to maintain contact with USPO Clark to determine the defendant's adherence to the conditions of supervised release. All further violations will be reported to the Court.

The Probation Officer recommends no action at this time. Any future violations will be reported to the Court.

        The term of supervision should be:

          [ X ]   No action at this time.



Respectfully submitted,

*Kylee M. Boring*

By: _____

Kylee M. Boring
U. S. Probation Officer
Date: December 6, 2024

---

*No response is necessary unless the Court directs that additional action be taken as follows:*

[ ]   Submit a Request for Modifying the Condition or Term of Supervision
[ ]   Submit a Request for Warrant or Summons
[ ]   Other
[ ]   No Response
[✓]   Concur with U. S. Probation Officer's Recommendation


_____
Signature of Judicial Officer


**12-9-2024.**
_____
Date

PROB 12C
(Rev. 03/15 WVN)

# United States District Court
### for the
### Northern District of West Virginia

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jalin T. McArn

Reg. No. 11394-088                     Case Number: 5:21CR31

Name of Sentencing Judicial Officer:  Honorable John Preston Bailey, U.S. District Judge

Date of Original Sentence:  April 27, 2022

Original Offense:  Unlawful Possession of a Firearm; 18 U.S.C.§§ 922(g)(1) and 924(a)(2);
a Class C Felony

Original Sentence:  30 months imprisonment followed by 3 years supervised release, $100 SAF

Type of Supervision:  Supervised Release          Date Supervision Commenced:  November 27, 2024

## PETITIONING THE COURT

[X]  To issue a warrant

[ ]  To issue a summons

[ ]  No action - A warrant has previously been requested pursuant to the original petition.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Non-Compliance |
|---|---|
| 1 | **Violation of Mandatory Condition No. 1:** You must not commit another federal, state or local crime. |
| 2 | **Violation of Mandatory Condition No. 2:** You must not unlawfully possess a controlled substance |
| 3 | **Violation of Mandatory Condition No. 3:** You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer. |

On December 2, 2024, the defendant reported to the United States Probation Office in Charleston, West Virginia, and submitted a urine specimen that tested positive for Cannabinoids. The defendant completed a voluntary admission form acknowledging the use of illegal substances. (See attached Voluntary Admission Form)

4          **Violation of Mandatory Condition No. 1:** You must not commit another federal,
           state or local crime.

5          **Violation of Mandatory Condition No. 2:** You must not unlawfully possess a
           controlled substance.

6          **Violation of Mandatory Condition No. 3**: You must refrain from any unlawful
           use of a controlled substance. You must submit to one drug test within 15 days of
           release from imprisonment and at least two periodic drug tests thereafter, as
           determined by the probation officer.

           On February 20, 2025, the defendant reported to the United States
           Probation Office in Charleston, West Virginia, and submitted a urine specimen
           that tested positive for Cannabinoids. The defendant completed a voluntary
           admission form acknowledging the use of illegal substances. (See attached
           Voluntary Admission Form)

7          **Violation of Special Condition No. 1:** You must participate in substance abuse
           treatment. The Probation Officer will supervise your participation in the program.

8          **Violation of Special Condition No. 3:** You must participate in a mental health
           treatment program and follow the rules and regulations of that program. The
           Probation Officer, in consultation with the treatment provider, will supervise your
           participation in the program (provider, location, modality, duration, intensity, etc.)

           The defendant has failed to attend dual disorder counseling at the Chesapeake
           Healthcare Center located in Chesapeake, West Virginia. The defendant has
           missed sessions on March 3, 2025, March 4, 2025, March 13, 2025, March 19,
           2025, March 28, 2025, and April 21, 2025. The treatment provider has been unable
           to contact the defendant to schedule additional counseling sessions. (See attached
           email from the treatment provider)

9          **Violation of Standard Condition No. 2:** After initially reporting to the probation
           office, you will receive instructions from the court or the probation officer about
           how and when you must report to the probation officer, and you must report to the
           probation officer as instructed.

10         **Violation of Standard Condition No. 19:** You must follow the instructions of
           the probation officer related to the conditions of supervision.

           On March 12, 2025, United States Probation Officer Jordan Clark with the
           Southern District of West Virginia instructed the defendant to report to the United
           States Probation Office located in Charleston, West Virginia, on March 13, 2025.
           The defendant failed to report to the office as instructed.

11      **Violation of Standard Condition Number 7:** The defendant must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation

12      **Violation of Standard Condition Number 2:** After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

On March 12, 2025, United States Probation Officer Jordan Clark with the Southern District of West Virginia, was contacted by Danielle Hayes, via telephone. Ms. Hayes is the owner of the property where the defendant was residing. It was reported by Ms. Hayes that the defendant no longer resides at 1307 1/2 Pennsylvania Avenue, Apartment A, Charleston, West Virginia. The defendant failed to contact the supervising officer to report his address change.

On March 12, 2025, United States Probation Officer Jordan Clark contacted the defendant, via telephone, to discuss his living arrangements. The defendant confirmed that he has not been living at the approved residence located at 1307 1/2 Pennsylvania Avenue, Apartment A, Charleston, West Virginia, for a few weeks. The defendant advised that he was currently residing with Kuulika McLemore, at a residence located at 679 C South Park Road, Charleston, West Virginia.

On April 9, 2025, United States Probation Officer Jordan Clark attempted a home contact at 679 C South Park Road, Charleston, West Virginia. The probation officer was unable to make contact with anyone in the residence. The current whereabouts of the defendant are unknown.

13      **Violation of Standard Condition No. 2:** After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

14      **Violation of Standard Condition No. 19:** You must follow the instructions of the probation officer related to the conditions of supervision.

United States Probation Officer Jordan Clark with the Southern District of West Virginia mailed a letter instructing the defendant to report to the United States Probation Office in Charleston, West Virginia, on April 17, 2025, at 8:00 am. The defendant failed to report to the probation office as instructed. (See attached letter)

**U. S. Probation Officer Recommendation:** The probation officer is recommending a warrant be issued for the defendant's arrest and the defendant's term of supervised release be revoked. Based on the nature of the violations set forth in this petition it appears the offender can be considered a danger to the community. He has also demonstrated his unwillingness to comply with the conditions of supervision, making him unable to be supervised.

The term of supervision should be:

[X]     Revoked*

    \*The probation officer's request for a warrant is a recommendation that the offender be detained pending a dispositional hearing.

[ ]     Extended for year(s), for a total term of year(s).

[ ]     The conditions of supervision should be modified as follows:



Respectfully submitted,

By: _Kylee M. Boring_

_____
Kylee M. Boring
U. S. Probation Officer
Date: April 23, 2025

**THE COURT ORDERS**

[✓] The Issuance of a Warrant
    [✓] Upon arrest detained and the petition in this matter be unsealed
    [ ] Upon arrest released on (type) bond and the petition in this matter be unsealed

[ ] The Issuance of a Summons

[ ] Other

[ ] No Action. A warrant has previously been requested pursuant to the original petition.

-5-

Signature of Judicial Officer

4-24-2025.

Date

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page | 3 | of | 7 |

DEFENDANT:  JALIN T. MCARN
CASE NUMBER:  5:21CR31

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :  3 years

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
    ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐  You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court in its November 29, 2016, Standing Order, as well as with any other conditions on the attached page (if applicable).

> Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.
>
> These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.
>
> _____  Date 12-2-24
> Defendant
>
> _____  Date 12-2-24
> U.S. Probation Officer/Designated Witness

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | |
|---|---|
| DEFENDANT: JALIN T. MCARN | Judgment—Page __4__ of __7__ |
| CASE NUMBER: 5:21CR31 | |

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You shall not commit another federal, state or local crime.
4. You shall not unlawfully possess a controlled substance. You shall refrain from any unlawful use of a controlled substance. You shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.
5. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
6. You must answer truthfully the questions asked by your probation officer.
7. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
9. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
10. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
11. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
12. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
13. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
14. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
15. You shall not purchase, possess or consume any organic or synthetic intoxicants, including bath salts, synthetic cannabinoids or other designer stimulants.
16. You shall not frequent places that sell or distribute synthetic cannabinoids or other designer stimulants.
17. Upon reasonable suspicion by the probation officer, you shall submit your person, property, house, residence, vehicle, papers, computers, or other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.
18. You are prohibited from possessing a potentially vicious or dangerous animal or residing with anyone who possesses a potentially vicious or dangerous animal. The probation officer has sole authority to determine what animals are considered to be potentially vicious or dangerous.
19. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____  _____
Defendant's Signature            Date

Defendant  Date 12-2-2

_____  Date 12-2-2
U.S. Probation Officer/Designated Witness

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page __5__ of __7__

DEFENDANT:  JALIN T. MCARN
CASE NUMBER:  5:21CR31

## SPECIAL CONDITIONS OF SUPERVISION

1)  You must participate in substance abuse treatment. The probation officer will supervise your participation in the program.

2)  You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3)  You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

4)  You must take all mental health medications that are prescribed by your treating physician.

5)  You must comply with the Northern District of West Virginia Offender Employment Program which may include participation in training, counseling, and/or daily job search as directed by the probation officer. Unless excused for legitimate reasons, if not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, you may be required to perform up to 20 hours of community service per week until employed, as approved by the probation officer.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

Defendant _____ Date 12-2-24

U.S. Probation Officer/Designated Witness _____ Date 12-2-24

# UNITED STATES PROBATION OFFICE

## SOUTHERN DISTRICT OF WEST VIRGINIA

## VOLUNTARY ADMISSION FORM

I, ___Jalin McArn___, do voluntarily admit to using the substances checked below on the dates and/or by the frequencies and methods as indicated below:

| Substances | Dates of use | Frequency/dosage | Method of use |
|---|---|---|---|
| Cocaine | | | |
| Heroin | | | |
| X  Marijuana | 11-27-24 | One hit | Vape |
| Alcohol | | | |
| Methamphetamine | | | |
| Amphetamine | | | |
| Type: _____ | | | |
| Buprenorphine | | | |
| Benzodiazepines | | | |
| Type: _____ | | | |
| Opiates | | | |
| Type: _____ | | | |
| Phencyclidine | | | |
| Other: _____ | | | |

I make this admission freely and voluntarily without any threats or promises being made to me.

x _____    12-02-24
Probationer/Supervised Releasee/Pretrial Releasee    Date

_____    12-2-24
Probation Officer    Date

# UNITED STATES PROBATION OFFICE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### VOLUNTARY ADMISSION FORM

I, _Jalin McArn_____, do voluntarily admit to using the substances checked below on the dates and/or by the frequencies and methods as indicated below:

| Substances | Dates of use | Frequency/dosage | Method of use |
|---|---|---|---|
| Cocaine | | | |
| Heroin | | | |
| X Marijuana | 2/14/25 | 2 grams | Smoke |
| Alcohol | | | |
| Methamphetamine | | | |
| Amphetamine | | | |
| Type: _____ | | | |
| Buprenorphine | | | |
| Benzodiazepines | | | |
| Type: _____ | | | |
| Opiates | | | |
| Type: _____ | | | |
| Phencyclidine | | | |
| Other: _____ | | | |

I make this admission freely and voluntarily without any threats or promises being made to me.

_____
Probationer/Supervised Releasee/Pretrial Releasee

X 2-20-25
Date

_____
Probation Officer

2-20-25
Date

**Kylee Boring**

| | |
|---|---|
| **From:** | Jordan Clark |
| **Sent:** | Tuesday, April 22, 2025 8:41 AM |
| **To:** | Kylee Boring |
| **Subject:** | FW: J. McArn |
| **Attachments:** | Outlook-A picture |

Kylee, just FYI.

This is from the treatment provider that he is contracted to attend.

Thank you,



**Jordan L. Clark**
**United States Probation Officer**
UNITED STATES PROBATION OFFICE
*Southern District of West Virginia*
Robert C. Byrd United States Courthouse        Phone: (304)347-3318
300 Virginia Street, East, Suite 1200
Charleston, WV 25301                     jordan_clark@wvsd.uscourts.gov

**From:** Jenna Gallion <JGallion@cpwvhealth.com>
**Sent:** Monday, April 21, 2025 1:16 PM
**To:** Jordan Clark <jordan_clark@wvsd.uscourts.gov>
**Cc:** Genise Lalos <glalos@cpwvhealth.com>
**Subject:** J. McArn

**CAUTION - EXTERNAL:**

Hey Jordan, this is Jenna at Chesapeake Healthcare Center. I am reaching out to let you know that for the month of March Mr. McArn did not complete any required treatment. He was scheduled 3/3/35, 3/4/35, 3/13/25, 3/19/25 and 3/28/25. For the month of April, he was scheduled for today 4/21/25, when I tried to call him and reschedule today's missed appointment, I got an automated message " Subscriber you have dialed is no longer in service."
Thank you,
Jenna

1



*Jenna Gallion*

Medical Assistant

**Chesapeake Healthcare Center**

304-220-2111 ext. 811

Jgallion@cpwvhealth.com

11950 MacCorkle Ave., Chesapeake, WV 25315

chesapeakehealthcarecenter.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

2

**UNITED STATES PROBATION OFFICE**
SOUTHERN DISTRICT OF WEST VIRGINIA

Troy A. Lanham
CHIEF U.S. PROBATION OFFICER

J. Alexander Alvarez
DEPUTY CHIEF U.S. PROBATION
OFFICER



Robert C. Byrd U. S. Courthouse
300 Virginia Street, East
Suite 1200
Charleston, WV 25301
PHONE: 304-347-3300
FAX:     304-347-3302

April 10, 2025

Jalin Tyref McArn
679 South Park Road
Apt C
Charleston, West Virginia 25304

Dear Mr. McArn:

I have attempted to reach you at home and by telephone without success.  I am hereby informing you of an office meeting scheduled for **Thursday, April 17, 2025, at 8am at the United States Probation Office in Charleston, West Virginia.** Failure to attend this meeting may result in a warrant for your arrest. Please notify me when you received the letter and plan to attend the scheduled meeting at 304-347-3318.

Thank you in advance for your cooperation.

Sincerely,

Jordan Clark
United States Probation Officer

# VIOLATION WORKSHEET

1. Defendant: Jalin T. McArn

2. Docket Number (Year-Sequence-Defendant No.): 5:21CR31

3. District/Office: Northern District of West Virginia/Wheeling

4. Original Sentence Date: April 27, 2022

(If different than above)
5. Original District/Office (if different than above):

6. Original Docket Number (Year-Sequence-Defendant No.):

7. List each violation and determine the applicable grade (see §7B1.1):

| Violation(s) | | | Grade |
|---|---|---|---|
| • | No.1 | New Law Violation | B |
| • | No.2 | Unlawful Possession of a Controlled Substance | B |
| • | No.3 | Unlawful Use of a Controlled Substance | B |
| • | No.4 | New Law Violation | B |
| • | No.5 | Unlawful Possession of a Controlled Substance | B |
| • | No.6 | Unlawful Use of a Controlled Substance | B |
| • | No.7 | Failure to Participate in Substance Abuse Treatment | C |
| • | No.8 | Failure to Participate in Mental Health Treatment | C |
| • | No.9 | Failure to Report as Instructed by the Probation Officer | C |
| • | No.10 | Failure to Follow the Instruction of the Probation Officer | C |
| • | No.11 | Failure to Report Change of Residence to Probation Officer | C |
| • | No.12 | Failure to Report as Instructed by the Probation Officer | C |
| • | No.13 | Failure to Report as Instructed by the Probation Officer | C |
| • | No.14 | Failure to Follow the Instruction of the Probation Officer | C |

8. Most Serious Grade of Violation (see §7B1.1(b)): **B**

9. Criminal History Category (see §7B1.4(b)): **III**

10. Range of Imprisonment (see §7B1.4(a)): **8-14**

11. Sentencing Options for Grade B and C Violations Only (check the appropriate box).

a (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

b **X** (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

Defendant:  Jalin T. McArn

c     (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

12.     Unsatisfied Conditions of Original Sentence:

*List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed, in connection with the sentence for which revocation is ordered, that remains unpaid or not served at the time of revocation (see § 7B1.3[d]):*

| Restitution($): | **N/A** | Community Confinement: | **N/A** |
|---|---|---|---|
| Fine($): | **N/A** | Home Detention: | **N/A** |
| Other: (S.A.F.) | **$100.00** | Intermittent Confinement: | **N/A** |

13.     Supervised Release:

If Probation is to be revoked, determine the length, if any, of the term of Supervised Release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term:   **N/A**

If Supervised Release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence Supervised Release upon release from imprisonment (see 18 U.S.C. § 3583(e) and §7B1.3(g)(2).

Pursuant to 18 U.S.C. § 3624(e), multiple terms of Supervised Release are to run concurrently.

**Period of supervised release to be served following release from imprisonment: 36 months, less the term of imprisonment imposed.**

14.     Departure:

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment: **N/A**

**NOTE:** The maximum term of imprisonment imposable upon revocation of Supervised Release for a Class C offense is 24 months, pursuant to 18 U.S.C. § 3583(e)(3).

WVND (Rev. 07/24)  Arrest Warrant

# UNITED STATES DISTRICT COURT

### for the

Northern  District of  West Virginia

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| **9206492** | ) |
| **2587-0424-0354-D** | ) |
| | ) |
| | ) |
| Jalin T. Mcarn | ) |
| *Defendant* | |

Case No.     5:21-cr-31

**RECEIVED**
**By PTaylor at 3:26 pm, Apr 24, 2025**

## ARREST WARRANT

To:     Any authorized law enforcement officer

      **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*     Jalin T. Mcarn                                  ,

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☒ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:
see attached Petition

Date:     04/24/2025

City and state:     Wheeling, WV

*CLERK OF COURT*
**WARRANT**

/s/ **Cheryl Dean Riley**
*Signature*

CHERYL DEAN RILEY, CLERK OF COURT
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)*  04/24/2025  , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |

Date: _____

_____
*Arresting officer's signature*

For:  **DUSM MAYERS**
*Printed name and title*